***********
The undersigned reviewed the prior Opinion and Award, based upon the record of the proceedings before Deputy Commissioner Houser. The appealing party has shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; and having reviewed the competent evidence of record, the Full Commission reverses the Opinion and Award of Deputy Commissioner Houser and enters the following Opinion and Award.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing before the Deputy Commissioner as:
 STIPULATIONS
1. The date of the injury which is the subject of this claim is June 24, 2003.
2. On such date, defendant-employer employed three (3) or more employees.
3. On such date, the Polyvision Corporation was subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
4. On such date, the carrier of workers' compensation insurance in North Carolina for defendant-employer was Liberty Mutual Insurance Company.
5. At the hearing, the parties submitted the following:
a. A packet of medical records, which was admitted into the record, and marked as Stipulated Exhibit (2);
b. Plaintiff's 2002 Income Tax Returns, which were admitted as Stipulated Exhibit (4);
c. A 1099 Form from 2002, which was admitted into the record, and marked as Stipulated Exhibit (5); and
d. Plaintiff's 2003 Income Tax Return, which was admitted into the record, and marked as Stipulated Exhibit (6).
 ***********
Based upon all of the competent evidence of record and reasonable inferences flowing therefrom, the Full Commission makes the following:
 FINDINGS OF FACT
1. At the time of the hearing before the deputy commissioner, plaintiff was fifty-eight years of age. Prior to performing work for defendant-employer, plaintiff was an employee of the State of North Carolina for twenty-three years.
2. After his retirement from the state in 1996, plaintiff was trained by Mr. Penny Beddingfield to be an installer of marker boards and similar products most often sold to schools. Mr. Beddingfield provided plaintiff the tools necessary for this installation work. Upon Mr. Beddingfield's death in 1997, plaintiff went into business for himself and started to subcontract services as an installer.
3. As an independent contractor, plaintiff trained Richard McCall to be an installer.
4. Plaintiff began installation for defendant-employer, as well as Abaco, Inc., defendant-employer's competitor.
5. Plaintiff contacted defendant-employer on a regular basis to determine if work was available.
6. As a general rule, plaintiff was paid according to the square feet of product installed. On a few occasions, plaintiff was paid by the hour for warranty work and to oversee defendant-employer's employees. The evidence of record shows, however, that these instances were limited exceptions in unusual circumstances. Plaintiff testified that he would receive the same pay to install one hundred square feet of marker board whether it took ten hours or one hundred hours. Installation of the marker board was plaintiff's primary occupation.
7. Plaintiff invested in a number of tools, as well as a work van to further his business.
8. Plaintiff represented himself as an independent business to the Internal Revenue Service. In particular, plaintiff took business deductions, including his vehicle, phone, payment to assistants, safety equipment and, and in fact claimed a loss in 2003.
9. The greater weight of the evidence shows that plaintiff's profession, installing marker board, requires skill. Plaintiff was "trained" by Penny Beddingfield and "trained" Richard McCall. Further, Richard McCall testified that the installation of the marker board requires skill, including interpreting blueprints. Brandon Chavers, plaintiff's son, testified that he was paid by the hour until he received enough on the job experience to allow him to install the marker board on his own and be paid by the square foot.
10. The greater weight of the evidence shows that plaintiff was not subject to discharge for adopting another method of work over another. Plaintiff testified that there were different ways to install the marker board, and that he chose his own method of installation.
11. Plaintiff testified that he chose his assistants, and decided what to pay them. Defendant-employer paid plaintiff according to the square feet of marker board installed and he paid his assistants out of that money. Plaintiff indicated that defendant-employer fired his son, who he considered to be a partner of his, rather than an assistant.In fact, based on Brandon Chavers' testimony, he was paid by defendant-employer directly, by the square foot, in the same manner as his father. Therefore, based on the totality of the evidence, plaintiff's son was not an assistant, but was in fact in the same business as his father.
12. Plaintiff's contention that he was given specific work hours is unsupported by the evidence. Plaintiff's requirement to arrive at the jobsite at a specific time in order to unload supplies is simply a matter of practicality. Further, any requirement by defendant-employer's clients to vacate the jobsite by a certain time each day is a matter of security and is not under the control of defendant-employer. Plaintiff testified that defendant-employer would specify a date when the job should be completed, which is consistent with plaintiff's status as an independent contractor.
13. Plaintiff performed installation work for a number of businesses besides defendant-employer, including ABACO and New Hanover Schools. Plaintiff testified that New Hanover Schools contacted him directly to install the marker boards, as it would be less expensive than going through defendant-employer. The evidence fails to show that these businesses were predecessors in interest.
14. Based upon the totality of the evidence, the undersigned find as fact that the manner and degree of defendant-employer's control over plaintiff was insufficient to find that plaintiff was an employee. Therefore, the undersigned find that plaintiff was an independent contractor.
 ***********
Based upon the foregoing stipulations and findings of fact, the Full Commission reaches the following:
 CONCLUSIONS OF LAW
1. Plaintiff was an independent contractor, and as such, is not an employee as contemplated by the Workers' Compensation Act, and is therefore not entitled to workers' compensation benefits. N.C. Gen. Stat. § 97-2(2).See Hayes v. Board of Trustees of Elon College, 224 N.C. 11, 29 S.E.2d 137
(1944).
2. The Industrial Commission does not have jurisdiction of this claim pursuant to N.C. Gen. Stat. § 97-19; Youngblood v. North State Ford TruckSales, 321 N.C. 380 (1988). Plaintiff's claim must, therefore, be dismissed.
 ***********
Based upon the foregoing findings of fact and conclusions of law, the undersigned enters the following:
 AWARD
1. Plaintiff's claim must be, and the same is hereby, DISMISSED for lack of jurisdiction.
2. Each side shall pay its own costs
This the 1st day of August, 2005.
 S/____________ BUCK LATTIMORE CHAIRMAN
CONCURRING:
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER
 S/_____________ PAMELA T. YOUNG COMMISSIONER